UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUTDOOR ONE COMMUNICATIONS, LLC.,

    Plaintiff,
v.	    Case No. 20-10934
    Honorable Victoria A. Roberts

CHARTER TOWNSHIP OF CANTON,

    Defendant.
_____/

**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF No. 15] AND (2) PROVIDING NOTICE UNDER FRCP 56(f)**

**I.	INTRODUCTION**

On March 13, 2020, Outdoor One Communications LLC ("OOC") applied for a permit to erect a 30-foot-tall, 360-square-foot digital billboard on land it leased in Canton, Michigan ("the Site"). The Charter Township of Canton ("Canton") denied OOC's application. It concluded the proposed sign violated its Sign Ordinance because it exceeded height and size requirements for a billboard. That denial prompted this lawsuit.

OOC alleges First and Fourteenth Amendment violations and seeks to enjoin Canton from enforcing its Sign Ordinance; Canton says this lawsuit is doomed because OOC has no redressable injury since its proposed billboard

1

violates content-neutral and severable height and size restrictions in the Sign Ordinance.

OOC seeks summary judgment on all four counts of its complaint. The Court heard oral argument on December 18, 2020. For the reasons stated below, the Court **DENIES** OOC's motion for summary judgment.

## II.   BACKGROUND

OOC erects and maintains outdoor advertising displays commonly known as billboards. On March 13, 2020, OOC applied for a permit from Canton to erect a digital illuminated sign on the Site to display commercial and noncommercial messages including: paid and unpaid political advertising; paid and unpaid religious messages; unpaid memorial tributes; public general emergency messages; severe weather alerts; and Amber alerts. OOC proposed a 2-sided permanent ground sign measuring 30 feet high and 360 square feet in area. Canton's Sign Ordinance, described in Canton Charter Township Code, Appendix A, Article 6A.00 (the "Sign Ordinance"), regulates the erection of signs.

On March 23, 2020, OOC received a letter in which Canton denied OOC's sign application. The denial note simply stated, "6A.24 – Exceeds size and height allowed." OOC did not reapply for a smaller sign or apply for

a variance. Instead, it filed this action challenging the constitutionality of the ordinance.

Canton says OOC's plan to construct its proposed digital billboard violates the content-neutral size requirements of its Sign Ordinance. §6A.24 limits "billboards" to 12 feet in height and 160 feet in area. Canton says OOC's proposed billboard also exceeds the requirement that "ground signs" be limited to a height of 6 feet and an area of 24 square feet.

OOC disagrees. It says the applicability of §6A.24's size and height restrictions depends on whether the sign displays off-premise content, and the Sign Ordinance draws content-based distinctions between on-premise and off-premise signs. OOC specifically contends that Canton's ordinance is unconstitutionally vague, underinclusive, overinclusive, and constitutes a prior restraint.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## IV.   ANALYSIS

### A. Standing

OOC says it has standing to challenge §6A.24, in particular, and to facially challenge the entire Sign Ordinance because Canton's regulations jointly and individually function to unconstitutionally restrict speech.

Canton's response is two pronged: (1) the various provisions of the Sign Ordinance that OOC challenges – outside of §6A.24 – did not cause OOC's injury; and, (2) even if OOC establishes injury, its harm is not redressable since the only sign it proposed violated content-neutral size regulations and OOC did not apply for a variance.

#### 1. <u>OOC's Standing to Challenge §6A.24</u>

Under traditional standing requirements, "plaintiffs must establish (1) injury in fact, meaning an invasion of a legally protected interest; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision." *Brandywine, Inc. v. City of Richmond*, 359 F.3d 830, 835 (6th Cir. 2004). Each requirement is "an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The Court finds that OOC has standing to challenge §6A.24. OOC alleges a concrete and particularized injury. It contends that a Canton city official denied its sign application; and that §6A.24 is unconstitutionally content-based, fails strict scrutiny, and is not severable. These allegations are sufficient to allege standing. *See Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 348 (6th Cir. 2007).

### i. §6A.24 is Content Neutral and Narrowly Tailored

Despite the Court's finding on standing, OOC loses its challenge on the merits because the size requirements of §6A.24 are content-neutral and narrowly tailored as applied to OOC. *See Prime Media*, 485 F.3d at 348; *see also Members of City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 808 (1984).

OOC says the Sign Ordinance generally and §6A.24 specifically incorporates a regulatory distinction between on-premises and off-premises signs, which imposes different size requirements based on the content of the message. Canton argues the size requirements found in §6A.24 are content-neutral, narrowly tailored, severable, and apply to all billboards.

Although "[d]eciding whether a particular regulation is content-based or content-neutral is not always a simple task," the Supreme Court has provided guidance for doing so. *Thomas v. Bright*, 937 F.3d 721, 729 (6th

5

Cir. 2019) (citing *Turner Broad. Sys. Inc., v. FCC*, 512 U.S. 622, 642 (1994)). A law regulating speech is facially content-based if: (1) it "draws distinctions based on the message," *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015); (2) it "distinguish[es] among different speakers, allowing speech by some but not others," *United v. Federal Election Comm'n*, 558 U.S. 310, 340 (2010); or (3) if, in its application, "it require[s] enforcement authorities to examine the content of the message that is conveyed to determine whether a violation has occurred." *Thomas v. Bright*, 937 F.3d at 729 (citing *McCullen v. Coakley*, 573 U.S. 464, 479 (2014)).

Canton cited only one reason for its denial of OOC's sign application: the sign exceeded the size and height requirements of §6A.24. [ECF No. 1-5, PageID.84]. §6A.24 reads:

> §6A.24. - Billboards. In the GI district, billboards may be permitted adjacent to limited access interstate freeways. Such signs shall be set back a minimum of 1,000 feet from any right-of-way and shall not be erected closer than 2,000 feet to any other billboard. The structure of the sign shall be exclusively steel, and no wood or other combustible material shall be permitted. The sign shall not be illuminated between the hours of 11:00 p.m. and 7:00 a.m. No billboard shall be permitted on a parcel in conjunction with a ground sign. The maximum permitted area of a billboard shall be 160 square feet, and the sign shall not exceed 12 feet in height as measured from average grade at the base of the sign.
>
> [ECF No. 1-2, PageID.73]

On its face, §6A.24 does not require Canton to examine the content of a billboard's message before it grants or denies a permit. §6A.24 itself does not draw distinctions based on message – the Sign Ordinance does not have separate categories with different regulatory schemes for on-premise billboards and off-premise billboards. §6A.24 does not regulate commercial speech and non-commercial speech differently. All billboards are subject to §6A.24's same size restrictions – the largest size restrictions allowed for any ground sign pursuant to Canton's ordinance.

However, the Sign Ordinance's definition of "billboard" does implicate an on/off-premise distinction. The Sign Ordinance defines "Billboard" as "a non-accessory ground sign erected for the purpose of advertising a product, event, person, or subject <u>not related to the premise</u> on which the sign is located." §6A.01(7) (emphasis added). An "Off-premises sign" is defined as "a sign which contains a message unrelated to a business or profession conducted on the subject property or which relates to a commodity, service or activity not sold or offered upon the premises where such sign is located." §6A.01(25). Conversely, an "On-premise sign" is a sign "which advertises only goods, services, facilities, events or attractions available on the premises where located, or identifies the owner or occupant or directs traffic into or from the premises." §6A.01(26).

7

This regulatory scheme, which encompasses §6A.01(7), §6A.01(25) and §6A.01(26), may implicate *Thomas v. Bright*, 937 F.3d at 728-730 because it requires Canton officials to examine the sign's message in evaluating billboard applications.

However, the operative ordinance in *Thomas v. Bright*, Tennessee's sign ordinance, has features which distinguish it from Canton's Sign Ordinance. *Id*. Tennessee's sign ordinance: (1) did not contain a severability clause and the defendant did not raise severability as an issue on appeal either in briefing or during oral argument. *Id*. *see also Thomas v. Schroer, No. 13-CV-02987-JPM-CGC*, 2017 WL 6489144, at *3 (W.D. Tenn. Sept. 20, 2017); (2) Tennessee law generally disfavors severance of unconstitutional portions of a statute*, see Thomas v. Schroer, No. 13-CV-02987-JPM-CGC, 2017 WL 6489144*, at *3; and (3) Tennessee's sign ordinance completely exempted all on-premise signs from requiring a permit, while off-premise signs required a permit. *See Thomas v. Bright*, 937 F.3d at 730.

Canton's Sign Ordinance, in contrast, contains a severability clause. *See* §29.01. Michigan law favors severability. *See Blank v. Dep't of Corr*., 122, 462 Mich. 103, 611 N.W.2d 530, 539 (2000) ("[t]he general rule favors severability"). And Canton's Sign Ordinance does not completely exclude on-premise signs from permit requirements.

Height and size regulations – like Canton's – are consistently upheld by the Sixth Circuit as narrowly tailored and valid content-neutral regulations. *See Prime Media*, 485 F.3d at 348; *see also Int'l Outdoor, Inc. v. City of Troy, Michigan*, 974 F.3d 690, 701 (6th Cir. 2020) ("[t]his court had previously rejected a challenge to size and height restrictions of a sign ordinance"); *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 461 (6th Cir. 2007) ("[p]laintiffs chose not to challenge the size and height requirements in their complaint – perhaps in view of the difficulty of such a challenge."). For this reason, the Sign Ordinance is neither underinclusive nor overinclusive.

Additionally, the Sixth Circuit has upheld Canton's stated purposes for its Sign Ordinance – "to promote the general safety and welfare of the public by regulating and controlling all public and private graphics communications and displays." §6A.02; *See Prime Media*, 485 F.3d at 345 (upholding the constitutionality of height and size provisions where the purpose of the city's ordinance was to "advance the safety and welfare of the community"); *see also Midwest Media*, 503 F.3d at 464 (upholding the constitutionality of height and size provisions where the purpose of the city's ordinance was to "minimize the possibility that sign size, location, or character will create hazards adversely affecting the public safety").

Although §6A.01(7) contains language that may indicate an on/off-premise and content distinction, OOC's alleged injury derived from the size requirements of §6A.24; §6A.24 is content neutral and narrowly tailored. It is also severable, as the Court will explain.

### 2. OOC's Standing to Litigate its Facial Challenges

The next question is whether OOC has standing to litigate its remaining claims – that the Sign Ordinance is unconstitutionally vague and operates as a prior restraint.

This is a facial challenge, meaning that OOC asserts the Sign Ordinance is unconstitutional on its face and falls short of constitutional demands in all its applications. *Speet v. Schuette*, 726 F.3d 867, 873 (6th Cir. 2013).

A facial challenge in the vagueness and overbreadth context allows plaintiffs to attack the constitutionality of a statute or ordinance "not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others before the court to refrain from constitutionally protected speech or expression." *Prime Media,* 485 F.3d at 349 (internal quotations omitted) (quoting *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 392–93 (1988)).

10

Importantly, OOC's standing with regard to the size and height requirements does not magically carry over to allow it to litigate other provisions of the Sign Ordinance which had no bearing on or connection to OOC's injury. *See Prime Media*, 485 F.3d at 350. To have standing to facially challenge other provisions of the Sign Ordinance, OOC must separately establish an injury in fact brought on by each of the provisions it seeks to challenge. *Id*. at 351.

Like the Plaintiffs in *Midwest Media*, the key problem with OOC's claim is one of redressability. It filed only one sign application which plainly violated §6A.24's size regulations. OOC cannot tenably show that success in challenging other regulations of the Sign Ordinance, like the variance provision in §6A.11 or §6A.11, will redress any injury it suffered. *Midwest Media,* 503 F.3d at 461. Even if the Court invalidated these additional provisions, OOC's injury would not be redressed because content-neutral size restrictions under §6A.24 preclude OOC from erecting its sign. *Id*.

### a. Vagueness and Overbreadth

OOC says that the Sign Ordinance's procedure for issuance of a sign permit, combined with its content, speaker, and activity-based regulations, renders the Sign Ordinance unconstitutionally vague.

OOC's reliance on the vagueness doctrine to support its facial challenge fails. *Midwest Media* 503 F.3d at 464 ("Although there is broad latitude given facial challenges in the First Amendment context, a plaintiff must establish that he has standing to challenge each provision of an ordinance by showing that he was injured by application of those provisions.").

For purposes of a First Amendment challenge, the Court evaluates vagueness and overbreadth claims under the same standard. *See Brandywine,* 359 F.3d at 835 (concluding "plaintiffs may not assert third party standing in every First Amendment facial challenge; rather plaintiffs may only do so in vagueness and overbreadth challenges.").

Although the overbreadth doctrine relaxes the traditional requirement "that a party may assert only a violation of its own rights," overbreadth does not excuse a party's failure to "allege an injury arising from the specific rule being challenged, rather than an entirely separate rule that happens to appear in the same section of the municipal code." *Midwest Media*, 503 at 463 (citing *Prime Media*, 485 F.3d at 351). Importantly, OOC does not make an overbreadth challenge to the Sign Ordinance.

In the end, OOC does not provide facts indicating an intention to display ground signs that comply with any of Canton's size provisions. As

12

such, it suffered no cognizable injury and lacks standing to facially attack Canton's additional sign regulations "whether under the overbreadth doctrine or any other doctrine." *Midwest Media,* 503 F.3d at 464.

### b. Prior Restraint

OOC says the Sign Ordinance imposes a permitting requirement that gives Canton officials impermissibly broad discretion to determine what types of signs can be posted. Canton claims its ordinance's does not vest unbridled discretion in the hands of government officials and incorporates the state construction code's 10-day time limit for processing applications.

Under the First Amendment, the government "shall make no law ... abridging the freedom of speech...." U.S. Const. amend. I.1. "A prior restraint is any law 'forbidding certain communications when issued in advance of the time that such communications are to occur.'" *McGlone v. Bell*, 681 F.3d 718, 733 (6th Cir. 2012) (quoting *Alexander v. United States*, 509 U.S. 544, 550, (1993)). "[W]hen a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subjected to the law may challenge it facially." *G & V Lounge v. Michigan Liquor Control Commission*, 23 F.3d 1071, 1075 (6th Cir.1994).

The requirement of an actual injury is not obviated by a prior restraint claim. *Prime Media*, 485 F.3d at 351. Still, the prior restraint of a licensing

13

provision coupled with unbridled discretion itself amounts to an actual injury. *Id*.

The Court finds that Canton's Sign Ordinance does function as a prior restraint, but OOC still loses.

### i. Canton's Permitting Provisions Constitute a Prior Restraint

Canton's Sign Ordinance imposes a prior restraint because the right to display a sign requires a permit unless the sign displays certain content. *Int'l Outdoor, Inc. v. City of Troy*, 361 F. Supp. 3d 713, 717 (E.D. Mich. 2019), aff'd sub nom. *Int'l Outdoor, Inc. v. City of Troy, Michigan*, 974 F.3d 690 (6th Cir. 2020). §6A.08 of Canton's Sign Ordinance reads: "[i]t shall be unlawful to construct, display, install, change or cause to be constructed, displayed, installed or changed a sign requiring a permit upon any property in the township without first obtaining a sign permit." By default, all signs require a permit unless they are explicitly exempted under the seventeen categories of signs in §6A.09. They include, but are not limited to: memorial signs, tablets, address numbers, nameplates, and open house or garage signs. *Id*. Importantly, political signs are also exempted from permitting requirements.

To avoid creating a prior restraint, cities must "establish neutral criteria to insure that the licensing decision is not based on the content or viewpoint

of the speech being considered." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 785 (1988)*.* "[A] speech regulation is content based if the law applies to particular speech because of the topic discussed or the idea or message expressed." *Reed,* 576 U.S. 155 at 171.

Canton must look at the content of the sign to decide if the message falls into one of the permit-exempt categories. Canton's Sign Ordinance thus singles out specific subject matter for differential treatment. The Supreme Court in *Reed* labeled this treatment "a paradigmatic example of content-based discrimination." *Reed*, 576 U.S. at 156.

Additionally, Canton enforces the Sign Ordinance before a sign is erected. Valid permitting regimes generally "allow an interested party in posting a sign to do so without any permitting requirement," and "resolve any disputes about compliance either after the sign is erected without risking any punishment, or beforehand by seeking an advisory letter of compliance in advance." *Prime Media, Inc.* 485 F.3d at 352.

Canton's scheme runs afoul of constitutional guidelines outlined in *Prime Media*. Accordingly, its permitting regime outlined in §6A.08 and §6A.09 constitutes a prior restraint and creates a cognizable injury to OOC. *See Int'l Outdoor, Inc.* 361 F. Supp. 3d at 717. However, as explained below, §6A.24's size provisions are severable from the offending provisions.

### B. Severability

Canton argues that OOC's claim must be dismissed because §6A.24 is severable from all other provisions of the Sign Ordinance that OOC challenges. OOC contends §6A.24 is not severable because constitutional infirmities permeate every facet of Canton's Sign Ordinance. OOC believes the on/off-premise distinction and prior restraint provisions, in particular, corrupt the entire Sign Ordinance.

"Severability of a local ordinance is a question of state law." *City of Lakewood*, 486 U.S. at 772. Michigan courts consistently recognize that "[i]t is the law of this State that if invalid or unconstitutional language can be deleted from an ordinance and still leave it complete and operative then such remainder of the ordinance [should] be permitted to stand." *Eastwood Park Amusement Co. v. Stark*, 325 Mich. 60, 72, 38 N.W.2d 77, 81 (1949). Valid provisions of an ordinance are a complete enactment and may be enforced. *Melconian v. City of Grand Rapids*, 218 Mich. 397, 188 N.W. 521, 527 (1922)).

§6A.24's size restrictions satisfy Michigan's severability requirements. Like the ordinance in *Int'l Outdoor, Inc.*, Canton's Sign Ordinance contains a severability clause. *See* §29.01. §6A.24 stands on its own as a distinct provision of the Sign Ordinance. Therefore, §6A.24 may be severed from

16

any constitutionally infirm provision, including those provisions which create a prior restraint. In turn, §6A.24 does not violate the First Amendment. *See King Enterprises, Inc. v. Thomas Twp.*, 215 F. Supp. 2d 891, 915–16 (E.D. Mich. 2002) (holding that the sections of the ordinance which deal with the placement and construction of billboards constitute independent provisions capable of enforcement apart from the remainder of the ordinance); *see also Int'l Outdoor, Inc.*, 361 F. Supp. 3d at 719 (holding that although the ordinance's variance provision created a prior restraint "[t]he remaining provisions of the Sign Ordinance – such as size and setback limitations – stand independently from the variance provision.").

It is undisputed that OOC's proposed sign exceeds Canton's Sign Ordinance's size limitations. Because content-neutral provisions preclude OOC from erecting its signs, any injury suffered by OOC as a result of the application of the severable variance provision is not redressable.

## V. CONCLUSION

OOC's motion for summary judgment is **DENIED**.

## VI. NOTICE UNDER FRCP 56 (f)

For the purposes of this motion, the parties stipulated that there were no questions of fact. The Court agrees.

Under FRCP 56(f), the Court provides this notice: it will grant summary judgment to Canton for the reasons stated in this Opinion and Order unless OOC objects to entry of Summary Judgment in favor of Canton, and dismissal of the suit in its entirety, by the close of business, Friday, March 12, 2021.

**IT IS ORDERED**.

                                                      S/ Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     United States District Judge

Dated: March 3, 2021